IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| U.S. Bank, National Association, | ) | C/A No.: 3:12-1756-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Iona B. Williams, | ) | |
| Defendant.[1] | ) | |

I. Factual and Procedural Background

This case was removed to this court by the *pro se* defendant ("Defendant") in a mortgage foreclosure action filed in the Court of Commons Pleas in Richland County, South Carolina in Case No. 2012-CP-40-1453. Defendant filed a Notice of Removal and accompanying documents to the court in a mortgage foreclosure action involving certain real estate located in Richland County, South Carolina. Notice of Removal [Entry #1]. Although the pleadings do not conform to the requirements of 28 U.S.C. § 1446(a) in that they do not contain copies of the state court complaint and service documents, the documents reveal on their face that this case was improperly removed.

Defendant's only basis for removal is her asserted defense that the state court proceedings are in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15

---

[1] Although Williams lists herself as plaintiff in this case in the caption of her pleading [Entry #1], it is evident from the Notice of Removal and the allegations therein that she was a defendant in the underlying state case. Therefore, she is also the defendant in this matter and the clerk is instructed to amend the docket to reflect the parties as captioned above.

U.S.C. §§ 1692-92p. [Entry #1 at 1]. As part of her Notice, Defendant includes a "petition" in which she asks this court to enter a declaratory judgment (1) finding that Plaintiff's foreclosure action violates the FDCPA and (2) staying the foreclosure proceedings. [Entry #1-1 at 3].

No state court pleading is attached to the Notice of Removal and the court is therefore unable to review Plaintiff's allegations against Defendant. Additionally, the Defendant does not cite or discuss the allegations in the state court complaint. Instead, she asserts only that she has a federal defense to the state foreclosure proceedings based on Plaintiff's alleged failure to comply with the "disputed debt" provisions of the FDCPA, 15 U.S.C. § 1692g(b), when it instituted the foreclosure action despite her notice to the Bank that the debt was disputed. [Entry #1-1 at 2; #1-2].

II.  Discussion

  A.  Standard of Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is federal question jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal district court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.

Although the court was not provided a copy of the state court complaint, the only apparent basis for removal contained in the Notice of Removal and the attachments thereto is Defendant's assertion that the FDCPA provides her with a defense to the

3

underlying action. Such an allegation is not sufficient to provide this court with subject-matter jurisdiction. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (affirmative preclusion defense resting on prior federal judgment is not a basis for removal).

It is well-settled that a federal defense to a complaint based entirely on state law, such as a mortgage foreclosure complaint, does not provide a federal court with removal jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U. S. 58, 63 (1987). The Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 14 (1983). Therefore, because Defendant has set forth no proper basis for federal subject matter jurisdiction, this removal is improper.

III.   Conclusion

For the foregoing reasons, it is ordered that this matter be remanded to the Court of Common Pleas for Richland County.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 28, 2012                                    Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge